# EXHIBIT B

## IN THE COMMON PLEAS COURT OF FRANKLIN COUNTY, OHIO

| | | |
|---|---|---|
| **ELLEN BYRNES** <br> 6353 Grassmere Dr. <br> Westerville, OH 43082-8973, | : <br> : <br> : | Case No. _____ |
| Plaintiff, | : | Judge _____ |
| v. | : | |
| **DUBLIN REHABILITATION HOSPITAL, LLC** <br> c/o Capital Corporate Services, Inc. <br> 4568 Mayfield Rd., Ste. 204 <br> Cleveland, OH 44121, | : <br> : <br> : <br> : | |
| and | : | |
| **OHRH, LLC** <br> dba OhioHealth Rehabilitation Hospital <br> c/o CT Corporation System <br> 4400 Easton Commons Way, Ste. 125 <br> Columbus, OH 43219, | : <br> : <br> : <br> : | |
| and | : | |
| **ALLISON PENNY** <br> 1192 Wood Park Dr. <br> Galloway, OH 43119, | : <br> : <br> : | |
| and | : | |
| **NANCY J. JOHNSON** <br> 188 W. Como Ave. <br> Columbus, OH 43202, | : <br> : <br> : | |
| Defendants, | : | |

## COMPLAINT

**RECTIALS**

1. At all times relevant, Plaintiff was a resident of the State of Ohio and County of Franklin.

2. At all times relevant, Defendants Dublin Rehabilitation Hospital, LLC ("Dublin Rehab") and OHRH, LLC ("OhioHealth") were business entities licensed under the statutory and regulatory authority of the State of Ohio and provided services to Plaintiff and other Ohioans.

3. At all times relevant, Defendants Allision Penny and Nancy J. Johnson were employees and/or agents for Defendants Dublin Rehab and OhioHealth and were acting in the course and scope of such employment and/or agency.

4. At all times relevant, the incident giving rise to the within action and that caused Plaintiff's injuries (the "Incident") occurred within a facility owned and operated by Defendants Dublin Rehab and/or OhioHealth located in the County of Franklin and State of Ohio.

5. At all times relevant, Plaintiff was an individual with a disability as that term is defined by the American with Disabilities Act (ADA) 42 U.S.C. § 12102, the Rehabilitation Act 29 U.S.C. § 705(20), and O.R.C. 4112.01.

6. At all times relevant, Plaintiff had a physical impairment that substantially limited one or more of her major life functions, including walking, standing, lifting, and bending.

7. At all times relevant, Plaintiff was otherwise qualified to take part in the services, programs, and/or activities of Defendants Dublin Rehab and OhioHealth.

8. At all times relevant, Defendants Dublin Rehab and OhioHealth and/or their facilities were "commercial facilities" and/or "private entities" that provided "public accommodations" pursuant to 42 U.S.C. sec. 12181.

9. At all times relevant, Defendants Dublin Rehab and OhioHealth and/or their facilities were "places of public accommodation" as that term is defined by O.R.C. 4112.01.

10. At all times relevant, Defendants Dublin Rehab and OhioHealth were recipients of federal financial assistance.

11. As such, at all times relevant, Defendants Dublin Rehab and/or OhioHealth, and their employees and agents, including Defendants Penny and Johnson, were covered by, and required to, comply with, the ADA the Rehabilitation Act, and Ohio's Civil Rights Act, including all statutes and regulations.

12. At or around February 14, 2022, Plaintiff was a business invitee upon property owned and operated by Defendants Dublin Rehab and/or OhioHealth.

13. Due to her disability which caused mobility constraints and fall issues, Plaintiff required the use of a walker while at Defendants Dublin Rehab and/or OhioHealth's facility or facilities.

14. In between a training session with Defendant Penny and Defendant Johnson, Plaintiff asked to use Defendant Dublin Rehab and/or Defendant OhioHealth's restroom. Plaintiff requested a walker and was given one that was defective, thereby rendering her unable to use Defendant Dublin Rehab and/or Defendant OhioHealth's services, *i.e.* Defendant's restroom, due to her disability.

15. Plaintiff alerted Defendant Penny, Johnson and/or other staff of Defendant Dublin Rehab and/or Defendant OhioHealth of the defective nature of the walker and requested another one, i.e., requested a "reasonable accommodation."

16. Defendants failed to fulfill Plaintiff's "reasonable accommodation request," and so she had no alternative but to use the aforementioned defective walker.

17. The defective walker collapsed while Plaintiff was utilizing the walker to steady herself in the aforementioned restroom, causing Plaintiff to fall and sustain serious injuries.

18. Defendants' refusal to provide Plaintiff with a reasonable accommodation constitutes a denial of the opportunity to use Defendants' services, *i.e.* the restroom, in violation of the ADA, Rehabilitation Act, and Ohio's Civil Rights Act.

3

19. In short, Defendants' actions constituted a discriminatory denial of the opportunity to participate in or benefit from a public accommodation and, as such, violated the Americans with Disabilities Act, Rehabilitation Act, and Ohio's Civil Rights Act.

### COUNT ONE – NEGLIGENCE AND BODILY INJURY –
### Defendants Dublin Rehab and OhioHealth

20. Plaintiff incorporates the facts and allegations set forth in the Recitals as if fully rewritten herein.

21. At all times relevant, the aforementioned Defendants, as the owners and operators of the property at issue, were responsible to protect its patrons from latent defects such as the aforementioned walker and had a duty to protect Plaintiff from such latent defects.

22. At all times relevant, the aforementioned Defendants were on actual and/or constructive notice of the defective nature of the aforementioned walker.

23. Defendants' failure to warn Plaintiff and/or provide Plaintiff with a "safe" walker was negligent.

24. As a direct and proximate result of said negligence, Plaintiff sustained injuries including, but not limited to, a hip fracture which required a surgical procedure to repair.

25. As a direct and proximate result of said negligence, Plaintiff has incurred medical bills for reasonable and necessary medical care totaling, at present, approximately One-Hundred Thousand Dollars ($100,000.00). Plaintiff will continue to incur medical bills for the medically necessary treatment of her injuries as said injuries are permanent.

26. As a direct and proximate result of said negligence, Plaintiff has and will continue to experience physical pain and suffering.

27. As a direct and proximate result of said negligence, Plaintiff has incurred a loss in income and/or the ability to earn income.

4

## COUNT TWO – NEGLIGENCE AND BODILY INJURY –
### Defendants PENNY AND JOHNSON

28. Plaintiff incorporates the facts and allegations set forth in the Recitals and Count One.

29. As stated in the Recitals, Defendants Penny and Johnson provided Plaintiff with a defective and dangerous walker. Such actions are negligent and/or breach statutory and/or regulatory duties imposed by law.

30. As a direct and proximate cause of said negligence and statutory/regulatory breach, Plaintiff sustained the injuries and legal damages expressed in Count One.

31. Pursuant to the doctrine of respondeat superior, Defendants Dublin Rehab and/or OhioHealth are also liable for the negligent actions of Defendants Penny and Johnson and therefore are also liable for the injuries and legal damages expressed in Count One.

## COUNT THREE – FAILURE TO PROVIDE REASONABLE ACCOMMODATE IN VIOLATION OF TITLE III OF THE ADA (42 U.S.C. §§ 12131, et seq.) –
### Defendants Dublin Rehab and OhioHealth

32. Plaintiff incorporates the facts and allegations set forth in the Recitals, Count One, and Count Two.

33. Title III of the ADA places a duty upon places of public accommodation such as the Dublin Rehab and/or OhioHealth facility and/or facilities visited by Plaintiff to not discriminate on the basis of disability in the activities of the facility and/or facilities.

34. Defendants violated the duty imposed by Title III of the ADA by failing to provide reasonable accommodations for Plaintiff. Namely, a safe and steady walker.

35. As a direct and proximate result of such breach, Plaintiff sustained the injuries and legal damages memorialized in Count One.

36. Pursuant to the statutory and regulatory authority under Title III of the ADA, Defendants Dublin Rehab and OhioHealth are subject to an injunction ordering Defendants to immediately

5

cease all discriminatory behavior and to provide access to its restrooms via use of safe, stable, and suitable walkers.

### COUNT FOUR – FAILURE TO PROVIDE REASONABLE ACCOMATION IN VIOLATION OF § 504 OF THE REHABILITATION ACT OF 1973 (29 U.S.C. § 794) – Defendants Dublin Rehab and OhioHealth

37. Plaintiff incorporates the facts and allegations set forth in the Recitals, Count One, Count Two, and Count Three.

38. As stated in the Recitals, Defendants Dublin Rehab and OhioHealth receive federal financial assistance and are therefore subject to the Rehabilitation Act.

39. As stated in the Recitals, Plaintiff is disabled because she has a physical impairment that substantially limits one or more of her major life functions, including walking, standing, lifting, and bending.

40. Plaintiff is otherwise qualified to participate in and benefit from Defendants Dublin Rehab and/or OhioHealth's programs, benefits, and/or services, including their restroom.

41. Plaintiff was excluded from participation in and benefit from Defendants Dublin Rebab and/or OhioHealth's programs, benefits, and/or services due to her disability.

42. Indeed, Plaintiff's disability prohibits her from using Defendants' services, including the restroom, without a walker.

43. Plaintiff requested a reasonable accommodation, *i.e.* a functioning walker, to be able to participate in and benefit from Defendants' programs, benefits, and/or services, including their restroom.

44. Plaintiff was denied the aforementioned reasonable accommodation, and said denial amounts to discrimination. See <u>McNamara v. Ohio Bldg. Auth.</u>, 697 F.Supp.2d 820, 828.

45. Due to said discrimination, Plaintiff sustained the injuries and legal damages expressed in Count One.

6

Franklin County Ohio Clerk of Courts of the Common Pleas- 2024 Feb 08 3:22 PM-24CV001342
0G722 - D44
Case: 2:24-cv-01463-EAS-CMV Doc #: 1-2 Filed: 04/03/24 Page: 8 of 13 PAGEID #: 31

## COUNT FIVE - FAILURE TO PROVIDE REASONABLE ACCOMATION IN VIOLATION OF OHIO'S CIVIL RIGHTS ACT, O.R.C. § 4112.02 –
### All Defendants

46. Plaintiff incorporates the facts and allegations sert forth in the Recitals, Count One, Count Two, Count Three, and Count Four.

47. As stated above, Plaintiff has a qualifying disability because she has a physical impairment that substantially limits one or more major life activities.

48. Defendants are proprietors and/or employees, keepers, and/or managers of a place of public accommodation. *See Lasko v. Mobile Hyperbaric Centers, LLC*, N.D.Ohio No. 1:19-CV-542, 2021 WL 733768, *23 ("A place of public accommodation includes the professional office of a health care provider").

49. Plaintiff was denied the full enjoyment of Defendants' accommodations, advantages, facilities, and privileges because she was denied the right to have access to the services and products, namely use of the restroom, in the same manner as all other business invitees.

50. Such denial is an unlawful discriminatory practice in violation of R.C. 4112.02.

51. Due to said discrimination, Plaintiff sustained the injuries and legal damages expressed in Count One.

**WHEREFORE**, Plaintiff demands judgment against Defendants in an amount which exceeds $25,000.00, plus court costs and interest from the date of injury, reasonable attorney's fees, as well as an injunction ordering Defendants to provide access to its restrooms to those with disabilities.

7

Respectfully submitted,

*/s/ J. Scott Bowman*

_____
J. Scott Bowman          (0069455)
**GEISER & BOWMAN, LLC**
495 South High Street, Suite 400
Columbus, Ohio   43215
(614) 222-4444
(614) 221-6633 (fax)
E-mail: sbowman@protectingohio.com
***Attorney for Plaintiff***

8