IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ELLEN BYRNES,**

   Plaintiff,

v.

                                                          Case No. 2:24-cv-1146
                                                          Judge James L. Graham
                                                             Magistrate Judge Chelsey M. Vascura

**DUBLIN REHABILITATION HOSPITAL, LLC, et al.,**

   Defendants.

## OPINION AND ORDER

### I.    INTRODUCTION

Plaintiff Ellen Byrnes brings this action under the Americans with Disabilities Act ("ADA"), the Rehabilitation Act of 1973 and the Ohio Civil Rights Act, O.R.C. § 4112.01. Named as Defendants are Ohio Health Rehabilitation Hospital, Dublin Rehabilitation Hospital, LLC, and employees Allison Penny and Nancy J. Johnson ("Defendants"). This matter is before the Court on Defendants' Motion for Judgment on the Pleadings pursuant to Fed. R. Civ. P. 12(c) (ECF No. 7). For the reasons that follow, Defendants' Motion for Judgment on the Pleadings is **DENIED.**

### II.    FACTUAL ALLEGATIONS

On or around February 14, 2022, Plaintiff was a business invitee on the property owned by Defendants. (ECF No. 2 at ¶ 12). Plaintiff is disabled and as a result, has mobility constraints and required the use of a walker while at Defendants' facilities. (*Id.* at ¶ 13). While in between sessions, Plaintiff requested a walker in order to use the restroom. (*Id.* at ¶ 14). Plaintiff alleges that she was given a defective walker, rendering her unable to use the restroom. (*Id.*). Plaintiff further alleges that she alerted Defendants Penny and Johnson of the defective nature of the walker and requested another one. (*Id.* at ¶ 15). Plaintiff claims that Defendant failed to fulfill this request and she had no other alternative than to use the defective walker. (*Id.* at ¶ 16). While attempting to steady herself in the restroom, Plaintiff alleges that the walker collapsed, causing her to fall and sustain serious injuries. (*Id.* at ¶ 17).

1

### III. PROCEDURAL BACKGROUND

Plaintiff initially filed her Complaint (ECF No. 2) in the Franklin County Common Pleas Court and Defendants subsequently removed the Complaint to this Court. Plaintiff's Complaint contained five claims. The first claim, alleged against Defendants Dublin Rehabilitation Hospital and OhioHealth, alleges that Defendants' failure to provide a functional walker was negligent and resulted in bodily injury. Plaintiff's second claim brings the same allegations for negligence and bodily injury against Defendants Penny and Johnson. The third claim brought by Plaintiff is for failure to provide reasonable accommodation in violation of Title VII of the American's with Disabilities Act ("ADA") (42 U.S.C. §§ 12141, et seq.). Similar to the third claim, Plaintiff's fourth claim is for failure to provide reasonable accommodation in violation of § 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794). Plaintiff's third and fourth claims are brought against only Defendants Dublin Rehabilitation Hospital and OhioHealth. Lastly, Plaintiff's final claim alleges a failure, by all Defebdants, to provide reasonable accommodation in violation of the Ohio Civil Rights Act (O.R.C. §4112.02). On April 24, 2024, Defendants filed a Motion for Judgment on the Pleadings. (ECF No. 7). Plaintiff responded in opposition (ECF No. 8) and Defendant timely replied. (ECF No. 13). This matter is fully briefed and ripe for disposition.

### IV. MOTION FOR JUDGMENT ON THE PLEADINGS STANDARD

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c).  The standard applied to motions for judgment on the pleadings is the same standard applicable to motions to dismiss under Rule 12(b)(6).  See *Hindel v. Husted*, 875 F.3d 344, 346 (6th Cir. 2017).  "For purposes of a motion for judgment on the pleadings, all well-pleaded material allegations of the pleadings of the opposing party must be taken as true, and the motion may be granted only if the moving party is nevertheless clearly entitled to judgment." *JPMorgan Chase Bank, N.A. v. Winget*, 510 F.3d 577, 582 (6th Cir. 2007) (internal citation and quotation marks omitted).  However, the court need not accept as true legal conclusions or unwarranted factual inferences.  *Id.* (citing *Mixon v. Ohio,* 193 F.3d 389, 400 (6th Cir. 1999)).

To withstand a motion for judgment on the pleadings, "a complaint must contain direct or inferential allegations respecting all the material elements under some viable legal theory." *Commercial Money Ctr., Inc. v. Illinois Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007). "The factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Under Federal Rule of Civil Procedure 54(b), "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."

V.     ANALYSIS

Defendants first argue that despite Plaintiff's "creative pleading," her claims should be considered "medical claims." Defendants assert that when a person is injured because of the negligent use of medical equipment, it is a medical claim. Whether Plaintiff's claims are considered "medical" matters for two reasons. First, under Ohio law medical claims are subject to a one-year statute of limitations, instead of the two-year statute of limitations that would otherwise apply. *Compare* O.R.C. §2305.113(A) with O.R.C. §2503.10(A). In this case, Plaintiff filed her complaint on February 8, 2022, almost two years after her injury. Second, the ADA and Rehabilitation Act do not provide relief for medical malpractice. *See Carrion v. Wilkinson*, 309 F.Supp. 2d 1007, 1016 (N.D. Ohio 2004).

For the reasons that follow, the Court finds that Plaintiff's claims, as presented in the Complaint, are not medical claims.

   ***A. Plaintiff's claims are properly brought as claims for general negligence*** Under

   O.R.C. §2305.113(E)(3), a "medical claim" is defined as:

"any claim that is asserted in any civil action against a physician, podiatrist, hospital, home, or residential facility, against any employee or agent of a physician, podiatrist, hospital,

3

home, or residential facility, or against a licensed practical nurse, registered nurse, advanced practice registered nurse, physical therapist, physician assistant, emergency medical technician-basic, emergency medical technician-intermediate, or emergency medical technician-paramedic, and that arises out of the medical diagnosis, care, or treatment of any person."

Courts have interpreted a medical claim to have two general components that must be satisfied: (1) the claim is asserted against one or more of the specifically enumerated medical providers and (2) the claim arises out of medical diagnosis, care, or treatment." *O'Dell v. Vrable III, Inc.*, 2022-Ohio-4156, 200 N.E.3d 1208 quoting *Estate of Stevic v. Bio-Med. Application of Ohio, Inc.,* 121 Ohio St.3d 488, 2009-Ohio-1525, 905 N.E.2d 635, ¶ 18.

In this case, it is undisputed that Defendants are medical providers. Defendants Dublin Rehabilitation Hospital, LLC and OhioHealth Rehabilitation Hospital, as their names suggest, are both hospitals and Defendants Penny and Johnson are both employees of the hospital.

With the first requirement satisfied, the Court moves to the second part of the "medical claim" analysis: whether the claim arises out of medical diagnosis, care or treatment. Ohio courts have found that the term "care" should not be broadly interpreted and instead "must be considered in its particular context." *Browning v. Burt*, 66 Ohio St.3d 544, 557, 613 N.E.2d 993 (1993). In order to distinguish medical care from general care, Ohio courts evaluate "whether the conduct was part of a medical test, procedure, or treatment, was ordered by a medical professional, or required medical expertise or professional skill." *Wagers v. Kettering Affiliated Health Servs.*, 2d Dist. Montgomery No. 28192, 2020-Ohio-11, 2020 WL 40008, ¶ 11, *appeal not allowed*, 158 Ohio St.3d 1489, 2020-Ohio-1634, 143 N.E.3d 535.

In this case, Plaintiff alleges that she fell while attempting to use the restroom due to a defective walker. Ohio courts have determined that depending on the circumstances, a fall can either be a medical claim or a claim for general negligence. When a person falls because of a medical provider's negligent use of medical equipment during a medical procedure, it is a medical claim. *O'Dell v. Vrable III, Inc.*, 2022-Ohio-4156, 200 N.E.3d 1208. For example, in *Rome v. Flower Mem. Hosp.* 70 Ohio St.3d 14, 635 N.E.2d 1239 (1994), the

4

Supreme Court of Ohio held that a fall, which occurred due to a radiological intern's failure to fasten the footboard during an X-ray procedure, constituted a medical claim.

Ohio courts have drawn distinctions between medical claims and general negligence claims. In *McDill v. Sunbridge Care Ents., Inc.,* 4th Dist. Pickaway No. 12CA8, 2013-Ohio-1618, 2013 WL 1716748, the court found that a patient who fell while washing her hands in the bathroom of a skilled nursing facility had a general negligence claim. The court further clarified that she was not being transported to or from a medical appointment, nor was the fall a result of negligent use of medical equipment like in *Rome v. Flower Mem. Hosp. Id* at ¶ 23.

In coming to this decision, the court examined four factors: (1) whether the equipment "was used for 'the prevention or alleviation of a physical or mental defect or illness;' " (2) "whether the equipment was 'an inherently necessary part of a medical procedure;' " (3) whether "use of the equipment 'arose out of' a physician ordered treatment;" and (4) whether "use of the equipment required a 'certain amount' of professional expertise or professional skill." *Id.* at ¶ 9, quoting *Browning*, 66 Ohio St.3d at 557, 613 N.E.2d 993, and *Rome*, 70 Ohio St.3d at 16–17, 635 N.E.2d 1239. Other examples of Ohio courts finding that a claim is for general negligence and not a medical claim include:

> "falling out of a wheelchair while on the way to lunch at an assisted living facility, *Eichenberger v. Woodlands Assisted Living Residence, L.L.C.*, 2014-Ohio5354, 25 N.E.3d 355 (10th Dist.); falling while attempting to stand from a wheelchair outside the hospital upon discharge, *Hill v. Wadsworth–Rittman Area Hosp.*, 185 Ohio App.3d 788, 2009-Ohio-5421, 925 N.E.2d 1012 (9th Dist.); falling while going from a hospital bed to the bathroom, *Balascoe v. St. Elizabeth Hosp. Med. Ctr.*, 110 Ohio App.3d 83, 673 N.E.2d 651 (7th Dist.1996)…"

*Christian v. Kettering Med. Ctr.*, 85 N.E.3d 804, at ¶ 21 2017-Ohio-7928 (2d Dist.).

In this case, Plaintiff's claims satisfy the first factor of a medical claim. Plaintiff alleges that she required the walker to go to the bathroom due to the mobility issues caused by her disability. Accordingly, the allegedly faulty equipment was used to alleviate Plaintiff's "physical defect." Moving next to the second factor, the facts do not show that the walker was an "inherently necessary part of a medical procedure." Similar to *McDill*, the Plaintiff in this case fell while in the restroom. Nothing in the allegations indicates that the allegedly defective walker was used as part of a medical procedure. Plaintiff was using the walker to use the restroom by herself outside

5

of the medical treatment she was receiving at the facility. Indeed, the Complaint expressly alleges that Plaintiff was "in between" medical sessions when she requested the walker in order to use the restroom. (ECF No. 2 at ¶ 14)

Turning to the third factor, whether the equipment arose out a physician ordered treatment, the facts indicate Plaintiff's use of the walker was not part of an ordered treatment. As stated above, Plaintiff used the walker in order to use the restroom, an activity that occurred outside of the treatment she may have been receiving at the Defendants' facility.

Lastly, the fourth factor also points to a conclusion that Plaintiff has a claim for general negligence. A standard walker does not require professional expertise or skill to operate. Unlike in *Rome v. Flower Mem. Hosp.*, where the accident was caused by a medical professional's negligent use of medical equipment, the facts in this case indicate that Plaintiff used the walker on her own without the assistance of a medical professional or other employee.

After reviewing these factors, the Court finds that Plaintiff has a claim for general negligence. Although the incident occurred at a medical facility, the alleged circumstances of Plaintiff's fall are such that the claim does not arise out of medical diagnosis, care or treatment. Given that the claims are not medical in nature, Defendants' argument that the negligence claims are barred by a one-year statute of limitations under O.R.C. Ann. § 2305.113(A) is without merit. Likewise, Defendants' argument that the claims under the ADA and Rehabilitation Act – which borrow their limitations periods from analogous state law, *see McCormick v. Miami Univ.*, 693 F.2d 654, 662 (6th Cir. 2012) – are time-barred must be rejected. Therefore, the Court declines to grant Defendant judgment on the pleadings on the grounds that the claims are barred by a statute of limitations.

### B. Plaintiff's claims under the ADA and Rehabilitation Act do not arise from a failure to provide adequate medical treatment

Defendants next argue that even if Plaintiff's claims under the ADA and Rehabilitation Act are timely, that are not proper since they arise from an alleged failure to provide adequate medical treatment. *See Larson v.* Eppinger, 2021 WL 2659998 at *8 (S.D. Ohio June 29, 2021) (the ADA does not provide relief for medical malpractice). As discussed above, Plaintiff's claims do not arise out of medical treatment. Plaintiff fell while using the restroom due to an allegedly defective

6

walker. Plaintiff was not receiving medical treatment, nor was she being transported to a medical appointment at the time of the incident.

Plaintiff does not base her claims on an alleged failure by Defendants to meet a certain standard of medical care. Rather, she claims that she was in a place of public accommodation and needing to use the restroom. *See* 42 U.S.C. §12181(7)(F) (defining a hospital as a public accommodation). She alleges that she is disabled and was unable to utilize Defendants' restroom without the modification or accommodation of a walker. When the walker Defendants gave her did not satisfy her request, she asked for another walker, but Defendants refused. The Court finds that these allegations state a claim for failure to accommodate Plaintiff's disability, and not a claim for medical malpractice. *See Larson*, 2021 WL 2659998 at *6 ("Thus, to state a claim for failure to accommodate under [the ADA], the Plaintiff can allege facts to show that he was excluded from participation in, denied the benefit of, or subjected to discrimination because of a disability due to the public entity's failure to make a 'reasonable modification' pursuant to the regulation.") (quoting 28 C.F.R. §35.130(b)(7)i)). The Court thus finds that Plaintiff's claims under the ADA and Rehabilitation Act state a claim for relief and do not arise from a failure to provide adequate medical treatment.

## VI. CONCLUSION

For the foregoing reasons, Defendants' Motion for Judgment on the Pleadings (ECF No. 7) is **DENIED.**

**IT IS SO ORDERED.**

s/ James L. Graham<br>
JAMES L. GRAHAM<br>
United States District Judge

Date: December 16, 2024